UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE C. MCGHEE,

                Plaintiff,                      Case No. 1:10-cv-250

v.                                        Hon. Robert J. Jonker

ALEXANDER LIPSEY, *et al.*,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

This is a civil action brought by a *pro se* plaintiff, who was allowed to file the present action *in forma pauperis* pursuant to § 1915. This action is now before the court on defendant Marcia Jones' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (docket no. 8) and for judicial screening under 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.      Discussion

Title 28 U.S.C. § 1915(e)(2)(B)(ii) provides that the court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." Similarly, a motion brought pursuant to Fed. R. Civ. P. 12(b)(6) seeks to dismiss a complaint for "failure to state a claim upon which relief can be granted." A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). A plaintiff's obligation to provide the defendants with a statement of his claim is obligated to

provide "more than labels and conclusions." *Id.* Rather,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

The caption of plaintiff's complaint lists four defendants: Alexander Lipsey; Marcia Jones; Thomas M. Canney; and Mary Balkema. On the civil cover sheet filed with the complaint, plaintiff identifies Alexander Lipsey as a "District Court Judge".[1] The complaint does not identify a specific claim against any of the named defendants. Rather, plaintiff appears to arise out of a state court ruling. The complete text of his complaint (in his words) states as follows:

> (1)   Judgment entered by the Circuit Court violated constitutional rights clearly by ruling over USC and Supreme Court.

> (2)   Case rulings, the Court have no standing, no subject matter, also no jurisdiction. I challenged all those elements before Court started ruling on the matter they claimed.

> (A)   There is a absence of law.

> (B)   Deprivation of rights under color of law violation of rights protected by the Constitution of the U.S.

> (C)   Not maintaining and protecting individual rights of the Constitution of the U.S. by overruling.

---

[1] The court takes judicial notice that the Honorable Alexander Lipsey is a Judge of the 9th Circuit Court in Kalamazoo County. In her motion to dismiss, defendant Jones identifies the other three defendants as follows: Marcia Jones (Assistant City Attorney for the City of Kalamazoo); Thomas M. Canney (Attorney for the County of Kalamazoo); and Mary Balkema (County of Kalamazoo Treasurer). *See* docket no. 8.

(D)     Theft of my personal property under color of law violating 18 U.S.C. § 654.[2]

(E)     Refuse to show oath of office on command.

(F)     Seeking punitive damages from all defendants. Reversal of court's rulings on my property.  Also what this court deems to be fair and just to myself.

(G)     Not seeking jury trial.

Compl. (docket no. 1).

The court has a duty to read a *pro se* plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987).  Despite a liberal reading of plaintiff's complaint, however the court concludes that the complaint fails to state a claim upon which relief can be granted.  The complaint does not provide any factual basis to demonstrate that plaintiff's claim for relief is "plausible on its face."  *See Ashcroft*, 129 S.Ct. at 1949.  The complaint simply alludes to an unidentified adverse ruling by a "Circuit Court," unidentified violations of the federal constitution and the United States Code, the criminal conversion or embezzlement of plaintiff's property by an unknown person or persons (presumably federal, although the court and defendants are state actors),  and some individual's refusal to show an oath of office upon plaintiff's "command."  In addition, plaintiff's civil coversheet lists the cause

_____

[2] The federal criminal statute cited by plaintiff, 18 U.S.C. § 654 provides as follows:

Whoever, being an officer or employee of the United States or of any department or agency thereof, embezzles or wrongfully converts to his own use the money or property of another which comes into his possession or under his control in the execution of such office or employment, or under color or claim of authority as such officer or employee, shall be fined under this title or not more than the value of the money and property thus embezzled or converted, whichever is greater, or imprisoned not more than ten years, or both; but if the sum embezzled is $1,000 or less, he shall be fined under this title or imprisoned not more than one year, or both.

of action as involving the violation of another federal criminal statute 18 U.S.C. § 242[3] and "USC Title 428-1982" (presumably 42 U.S.C. § 1982).[4]

Plaintiff's complaint is factually defective because it consists of nothing more than a list of non-specific allegations, vague inferences, and unwarranted legal conclusions.  *See, e.g., Mitchell v. Community Care Fellowship*, 8 Fed. Appx. 512, 513-14 (6th Cir. 2001) (district court properly dismissed a complaint under § 1915(e)(2), where the plaintiff's complaint "contain[ed] no factual allegations in support of her apparent claims of intimidation, harassment, and discrimination").  Accordingly, plaintiff's complaint should be dismissed for failure to state a federal claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6).

Furthermore, plaintiff's complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(1).  "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of

---

[3] A criminal statute, 18 U.S.C. § 242 provides as follows:

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

[4] This civil rights statute, 42 U.S.C. § 1982, provides that, "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The vague, attenuated and unsubstantial allegations set forth in plaintiff's complaint are insufficient to establish subject matter jurisdiction in this court. Accordingly, plaintiff's complaint should also be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

## II.     RECOMMENDATION

For these reasons, I respectfully recommend that Marcia Jones' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (docket no. 8) be **GRANTED,** and that plaintiff's complaint be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In the alternative, I recommend that plaintiff's complaint be **DISMISSED** for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

Dated:  November 8, 2010                                      /s/ Hugh W. Brenneman, Jr.
                                                                            HUGH W. BRENNEMAN, JR.
                                                                            United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).